IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY KELLY                          *
          Plaintiff,
    v.                                 *   CIVIL ACTION NO. AW-07-3017

STATE OF MARYLAND                      *
KATHLEEN L. REEDY
TIMOTHY GIPSON                         *
          Defendants.

                           *****

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights action, received for filing on November 7, 2007, seeks compensatory and punitive damages and alleges that Plaintiff's federal civil rights and rights under Maryland common law have been violated.  Paper No. 1.  Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on August 9, 2007, he received his lunch, went to his table, began to eat, and "all of plaintiff['s] food went on plaintiff['s] shirt."  *Id.*  He complains that defendants Reedy and Gipson declined to assist him in getting another lunch tray.  *Id.*

Plaintiff alleges that this inaction constituted a violation of his civil rights and accuses Defendants of the negligent infliction of emotional distress.  While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be dismissed.

The State is not a "person" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996);

---

[1]     The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged with murder, first and second-degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first-degree rape and robbery, *see State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County).  In both cases a competency hearing was held over the course of February, March, and April of 2004.  In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).   Therefore, Plaintiff's claims against the State of Maryland is subject to dismissal.

Futher, Plaintiff's Complaint as presented fails to articulate a constitutional claim against Defendants Reedy and Gipson.   He essentially alleges that he was denied a replacement lunch meal on August 9, 2007.   The deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment only where a prisoner is denied the " minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) (citing *Wilson v. Seiter,* 501 U.S. 294, 298,(1991)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Whether the specific deprivation falls below this threshold depends on the amount and duration of the deprivation. *See Talib,* 138 F.3d at 214 n. 3. The deprivation of a single meal does not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. *Accord, Talib,*138 F.3d 211, 214 n. 3 (5th Cir. 1998); *Green v. Ferrell,* 801 F.2d 765, 770 (5th Cir. 1986) (state is not required to furnish prisoners with three meals a day). Plaintiff's claim based on a single denial of a meal lacks an arguable basis in law and is frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 328 (1989).[2]

---

[2]       Insofar as Plaintiff raises a tort claim sounding in negligence, he may not use the civil rights statute to so do.  Moreover, due to the absence of diversity among the parties, a common law tort claim may not be heard in federal court.  *See* 28 U.S.C. § 1332.

For the aforementioned reasons, the Court finds that Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory" and shall be dismissed pursuant to 28 U.S.C. §1915(e).[3] A separate Order shall be entered in compliance with the opinion set out above.[4]

Date: November 19, 2007                         /s/
                                        Alexander Williams Jr.
                                        United States District Judge

---

[3]        28 U.S.C. § 1915(e)(2) states that:

          Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

          (A)   the allegation of poverty is untrue; or
          (B)   the action or appeal--
          (i)   is frivolous or malicious;
          (ii)  fails to state a claim on which relief may be granted; or
          (iii) seeks monetary relief against a defendant who is immune from such relief.

[4]        The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA").  Plaintiff is not a "prisoner" within the meaning of the PLRA.  The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity.  *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). In *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA.  *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.*  The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.

3